STATE of Missouri, ex rel., Eleanor M. McARTHUR, Relator/Appellant,

v.

BOARD OF ADJUSTMENT OF the CITY OF CRESTWOOD, Missouri, Respondent/Respondent.

No. 64458.

Missouri Court of Appeals, Eastern District, Division Four.

March 22, 1994.

Donald U. Beimdiek, Theodore H. Hellmuth, St. Louis, for appellant.

Shulamith Simon, St. Louis, for respondent.

GRIMM, Presiding Judge.

Eleanor M. McArthur owns and operates a mobile home park in the City of Crestwood. The park existed before City adopted its zoning ordinances; however, it is located in a zoning district which does not permit mobile parks. City determined that six spaces in the park were vacant for more than six months; therefore, under its code, those six spaces lost their nonconforming use rights.

Owner unsuccessfully appealed to the Crestwood Board of Adjustment and the Circuit Court. Here, she contends that her inability to rent those spaces is not a discontinuance of use terminating her nonconforming use rights as to those six spaces. We agree and reverse.

City's zoning regulation § 26–253 establishes nonconforming uses of lots. This regulation states, in part:

Where, on the date of adoption or amendment of this article, a lawful use of a parcel or lot exists that is no longer permissible under the provisions of this article or amendment thereto, such principal use may be continued so long as it remains otherwise lawful subject to the following provisions:

* * * * * *

(c) Discontinuance: If such nonconforming use of a *parcel or lot* ceases for any reason for a period of more than one hundred eighty (180) consecutive days (except where government action causes such cessation) the subsequent use of such parcel or lot shall conform to the regulations and provisions set by this article for the district in which such parcel or lot is located.

CRESTWOOD, MO., CITY CODE ch. 26, art. IV, § 26–253 (1989). (emphasis added).

The code defines "lot" and "parcel" as follows:

Lot: A parcel of land intended to be separately owned, developed, and otherwise used as a unit.

Parcel: A separately designated area of land delineated by identifiable legally recorded boundary lines, which may or may not be a lot of record.

*Id.* at § 26–141.

This case turns on the meaning of the terms "parcel or lot" as used in § 26–253. Specifically, are Owner's individual rental spaces considered parcels or lots within the meaning of this regulation? We find that they are not.

Here, Owner owns one tract of land that has been used continuously as a mobile home park "since before Crestwood became a city." The record reflects that Owner paid City the appropriate license fee from 1990 through 1992. Each year City issued its Business and Occupation License for the business of "Operating a Mobile Home Court." Also, St. Louis County sends one real estate tax bill for the tract.

A mobile home space is not a "lot" within the code's definition. To be a "lot", the parcel must be "separately owned, developed, and otherwise used as a unit." Here, the individual spaces are all owned by Owner; they are not separately owned. Nor is there any indication that they are separately "developed." Rather, the record implicitly reflects that the entire mobile home park was developed at the same time and is a separately owned lot.

Further, a mobile home space is not a "parcel." A "parcel," as defined in the code, is a "separately designated area of land delineated by identifiable legally recorded boundary lines." The only "identifiable legally recorded boundary lines," reflected in the record, are those shown by City's zoning map. It shows that the parcel is the entire mobile home park. The individual mobile home spaces are not marked by identifiable boundary lines.

Further, during the hearing, City's director of public works was asked, "[Owner's mobile home park] is not divided into separate lots. Is that correct?" He replied, "Our records show that it has not been legally subdivided as a subdivision parcel." Therefore, the individual spaces do not fit within the code definition of parcel.

Consequently, the Board of Adjustment and Circuit Court erred in determining that

the individual spaces were lots or parcels. The trial court's judgment is reversed.

CARL R. GAERTNER and AHRENS, JJ., concur.